**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis SANCHEZ–ORTIZ,**
**Defendant–Appellant.**

No. 03–41563.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Tony Ray Roberts, U.S. Attorney's Office Southern District of Texas, McAllen, TX, Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Myrna G. Montemayor, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM: *

Jose Luis Sanchez–Ortiz ("Sanchez") appeals the conviction and sentence that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

received after he pleaded guilty to being illegally present in the United States after deportation in violation of 8 U.S.C. § 1326. Sanchez argues that his case should be remanded under *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court committed reversible plain error when it sentenced him under the mandatory Sentencing Guidelines. Although Sanchez alleges a *Booker* error, this court must first address the antecedent error that the district court committed when it applied § 2L1.2(b)(1)(A) to enhance Sanchez's sentence. *United States v. Villegas,* 404 F.3d 355, 364 n. 8 (5th Cir.2005).

After Sanchez was sentenced, this court held that the Texas offense of retaliation is not a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Martinez–Mata,* 393 F.3d 625, 629 (5th Cir.2004). De novo review of Sanchez's sentence indicates that the district court's enhancement of Sanchez's sentence for his prior conviction for retaliation was therefore error. *See United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *Villegas,* 404 F.3d 355, 360–361. The error was also plain. *See Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Further, Sanchez has met his burden of showing that the error affected the outcome of the sentencing proceedings because he received a sentence that was several years longer and in another Guidelines range of imprisonment than he would have absent the error. *Villegas,* 404 F.3d at 364–365. Finally, because the sentencing error resulted in an increased sentence, this court will exercise its discretion to correct it. *See United States v. Williamson,* 183 F.3d 458, 463 (5th Cir.1999). Accordingly, Sanchez's sentence is VA-

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

CATED, and his case is REMANDED for resentencing.

Sanchez's argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). His conviction is, therefore, AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.